```
             UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**LAKEISHA TUESNO-EVANS,**                                  **Plaintiff**

**v.**                          Civil Action No. 5:12-cv-125-DCB-RHW

**THE PRUDENTIAL INSURANCE**
**COMPANY OF AMERICA,**              Defendant & Third Party Plaintiff

**v.**

**LINDA L. NEALY AND LOUIS E. NEALY as**
**Parents and next friends of K.N., a minor,**
**LAKEISHA TUESNO-EVANS, individually and as mother and**
**next friend of L.E., a minor, KANDICE**
**GREEN RIGGS and BATEASTE MEMORIAL**
**FUNERAL HOME,**                              **Third Party Defendants**

## ORDER

Before the Court is Prudential Insurance Company of America's Motion to Appoint a Guardian ad Litem, Motion to Interplead, and Motion to Dismiss. Prudential also requests costs and attorney's fees. The Plaintiff and Third Party Defendants have not responded to this Motion within the time allotted by the local rules. Having considered the matter, the Court will grant Prudential its requested relief in part.

## FACTS

This matter arises from a dispute over the proceeds of Group Life Insurance Policy Number G-51339 (the "Plan") issued by Prudential to Ingram Industries, Inc.[1] As an employee of Ingram Industries, Inc., Kenric Evans ("Insured") was eligible for

---

[1] Because Prudential's Motion is unopposed, the Facts and Procedural History are taken in large part from its brief.

coverage under the Plan. Upon the death of the Insured, Plan death benefits in the amount of $86,000.00 became due and payable to a beneficiary or beneficiaries (the "Death Benefit"). The parties to the dispute are LaKeisha Evans, the Insured's former wife, individually and as mother and next friend of L.E., the Insured's minor daughter; Linda Nealy and Louis Nealy, as parents and next friends of K.N., the Insured's minor son; Kandice Riggs, the Insured's sister; and Bateaste Memorial Funeral Home, LLC (collectively the "Adverse Claimants"). The Insured originally designated LaKeisha Evans, his wife at the time, as 50% primary beneficiary, K.N., son, as 25% primary beneficiary, L.E., daughter, as 25% primary beneficiary to the Plan, and Linda Tuesno ("Nealy"), his mother-in-law, as 100% contingent beneficiary to the Plan. See Doc. 5, Exhibit "A". By letter dated November 20, 2007, the Insured changed the 50% primary beneficiary of the Plan from LaKeisha Evans to his sister, Kandice Riggs, and the 100% contingent beneficiary of the Plan from Linda Tuesno to his mother, Linda Evans Jackson. See Doc. 5, Exhibit "B". This dispute concerns the proper primary beneficiary to 50% of the Death Benefit. The parties do not dispute the designation of K.N. and L.E. as each a 25% primary beneficiary to the Plan.

The Insured died on April 19, 2012. By Beneficiary Statement dated April 20, 2012, LaKeisha Evans made a claim for the Death Benefit. See Doc. 5, Exhibit "C". By Beneficiary Statement dated

2

April 26, 2012, Kandice Riggs made a claim for the Death Benefit. See Doc. 5, Exhibit "E". By Beneficiary Statements dated June 12, 2012, LaKeisha Evans made claims for the Death Benefit on behalf of K.N. and L.E. See Doc. 5, Exhibit "G". By Insurance Proceeds Assignment dated April 20, 2012, LaKeisha Evans attempted to assign a portion of the Death Benefit in the amount of $6,830.00 to Bateaste Funeral Home for services rendered in connection with the death of the Insured. See Doc. 5, Exhibit "D". By Insurance Proceeds Assignment dated April 26, 2012, Kandice Riggs attempted to assign a portion of the Death Benefit in the amount of $9,986.00 to Bateaste Funeral Home for services rendered in connection with the death of the Insured (together, the "Funeral Assignment"). See Doc. 5, Exhibit "F". By letters dated July 17, 2012, Prudential informed LaKeisha Evans that K.N. and L.E. were named beneficiaries to the Plan, and that in order to process their claims, Prudential required a court order appointing a guardian of the property or estate of the minor beneficiaries and a completed Settlement Option 3 Form. See Doc. 5, Exhibit "I". Because court-ordered guardians have not been appointed for L.N. and K.E., Prudential is unable to pay out 25% of the Death Benefit to L.N. and 25% of the Death Benefit to K.E. Because of the competing claims of LaKeisha Evans and Kandice Riggs, Prudential cannot determine factually or legally who is entitled to the remaining 50% of the Death Benefit. Additionally, counsel for Prudential attempted to facilitate an

agreement among the Defendants to pay the Bateaste Funeral Home in accordance with the Funeral Assignment. However, the parties have been unable to agree as to whether the payment to the funeral home should come out of the entire Death Benefit, or out of the 50% of the Death Benefit that is in dispute.

## PROCEDURAL HISTORY

On or about August 15, 2012, Plaintiff commenced this civil action in the Chancery Court of Adams County, Mississippi, seeking a preliminary injunction and temporary restraining order to restrain Prudential from paying out the Death Benefit. See Doc. 1, Exhibit "A". On September 11, 2012, Prudential removed the state court action to the present Court. See Doc. 1. On September 14, 2012, Prudential filed its Answer and Third Party Complaint in Interpleader against the Adverse Claimants so that this Court may determine which of the Defendants is entitled to receive the funds at issue. See Doc. 5. On October 4, 2012, LaKeisha Evans filed her Answer to the Third Party Complaint. See Doc. 6. On October 23, 2012, Prudential served Kandice Riggs with a copy of the Summons and Third Party Complaint. See Doc. 10. On October 23, 2012, Prudential served the Bateaste Funeral Home with a copy of the Summons and Third Party Complaint. See Doc. 12. On November 20, 2012, Kandice Riggs, who is preceding pro se, filed her Answer to the Third Party Complaint. See Doc. 15. On January 4, 2013, Prudential served Linda and Louis Nealy with a copy of the Summons

and Third Party Complaint. See Docs. 18, 19. To date, Bateaste Funeral Home, Linda Nealy, and Louis Nealy have not filed Answers or otherwise responded to Prudential's Third Party Complaint.

## ANALYSIS

The Court must first examine whether it has subject matter jurisdiction over the present cause. See Franceskin v. Credit Suisse, 214 F.3d 253, 255 (2d Cir. 2000). Prudential states that this Court has either federal-question jurisdiction under ERISA, 29 U.S.C. § 1132(a)(1)(B), or diversity jurisdiction under 28 U.S.C. § 1332. The Court agrees that both statutes establish jurisdiction for this Rule 22 interpleader.[2] While federal-question jurisdiction is rare in interpleader, Wright, Miller & Kane Federal Practice and Procedure: Civil 3d § 1710, in a removal case similar to the one at bar the Ninth Circuit held that ERISA does confer jurisdiction. See Gelfgren v. Republic Nat. Life Ins. Co., 680 F.2d 79, 82 (9th Cir. 1982). Even without federal-question jurisdiction, this Court has jurisdiction because the amount in controversy is greater than $75,000 and the citizenship of the adverse claimants is diverse from that of the stakeholder. Travelers Ins. Co. v. First Nat. Bank of Shreveport, 675 F.2d 633, 638 n.9 (5th Cir. 1982) ("[F]ederal courts have been uniform in holding that jurisdiction exists (over Rule 22 interpleaders brought under 28 U.S.C. § 1332) when the

---

[2] This Court does not have jurisdiction pursuant to 28 U.S.C. § 1335 because the adverse claimants have the same citizenship.

citizenship of the plaintiff (stakeholder) is diverse from that of all defendants (claimants), despite the fact that as among themselves the claimants are not citizens of different states").

Having established jurisdiction, the Court further finds that Prudential, as an impartial stakeholder, should be allowed to deposit the Death Benefit funds into the Court's registry and be dismissed from the case. The Court also agrees that it is necessary to appoint a guardian ad litem for the minors so that they may be able to receive their percentage of the fund. As for attorney's fees, courts generally award the stakeholder costs and modest fees as long as the stakeholder does not act in bad faith or with undue delay. See Wright, Miller & Kane Federal Practice and Procedure: Civil 3d § 1719. Here, while the Court has some concerns about depleting the Death Benefit funds owed to the true beneficiaries because of a potentially frivolous claim, the record indicates that Prudential has acted quickly and in good faith. The Court will therefore award Prudential costs and *modest* fees for its efforts and will consider whether the fund should be replenished by the losing Adverse Claimant after the Court determines the proper beneficiaries of the fund. See Hunter v. Fed. Life Ins. Co., 111 F.2d 551, 557 (8th Cir. 1940) ("The remedy of interpleader should, of course, be a simple, speedy, efficient and economical remedy. Under ordinary circumstances there would be no justification for seriously depleting the fund deposited in court by a stakeholder

6

through the allowance of large fees to his counsel."); <u>Prudential Ins. Co. of Am. v. Boyd</u>, 781 F.2d 1494, 1498 (11th Cir. 1986) (stating that the fund can be replenished by the losing claimant if she acted in bad faith in making a claim on the fund).

## ORDERS

**IT IS HEREBY ORDERED** that Prudential shall submit a bill for costs and attorney's fees to the Court withing ten days of entry of this Order. After the Court has determined whether the amount of attorney's fees is reasonably modest, the Court will direct Prudential to deposit the Death Benefit, plus claim interest, if any, less costs and attorney's fees, in the Court's registry and dismiss Prudential from this case;

**IT IS FURTHER HEREBY ORDERED** that within fourteen days of entry of this order Linda L. Nealy and Louis E. Nealy, as parents and next friends of K.N., shall obtain and file with this Court an order from the Chancery Court of Adams County, Mississippi, or any other state court with jurisdiction to enter such order, appointing a guardian for K. N. so that the Court can disburse the funds, as set forth above;

**IT IS FURTHER HEREBY ORDERED** that within fourteen days of entry of this order Lakisha Tuesno-Evans, as mother and next friend of L.E., shall obtain and file with this Court an order from the Chancery Court of Adams County, Mississippi, or any other state court with jurisdiction to enter such order, appointing a guardian

for L.E. so that the Court can disburse the funds, as set forth above.

Once the Parties have complied with these Orders, the Court will proceed to determine how the funds shall be distributed among the claimants.

So **ORDERED**, this the 17th day of July, 2013.

  /s/ David Bramlette  
**UNITED STATES DISTRICT JUDGE**
